UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Gary Reed and Tom Vevea as Trustees of the Minnesota Laborers Health and Welfare Fund and the Minnesota Laborers Pension Fund, James Brady and Keith Kramer as Trustees of the Minnesota Laborers Vacation Fund, Gary Reed as Trustee of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Dan Olson and Chris Born as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust; and each of their successors,<br><br>      Plaintiffs,<br><br>v.<br><br>Polyphase Electric Company, Inc.,<br><br>      Defendant. | Case No: 10-CV-2348 (ADM/LIB)<br><br><br><br><br><br>**ORDER FOR<br>ENTRY OF JUDGMENT** |

This matter was heard before the undersigned on December 12, 2012. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

    1.    The Summons and Complaint were filed with the Court on June 10, 2010.

    2.    The Summons and Complaint were served on Eph Eichten, as authorized agent for the Defendant Polyphase Electric Company, Inc. ("Polyphase Electric") on June 23, 2010.

1

3. The Amended Complaint was filed with the Court on September 5, 2012.

4. The Amended Complaint was served on September 7, 2012.

5. Polyphase Electric failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon the Funds' counsel, and the time allowed by law for Polyphase Electric to answer the Complaint lapsed.

6. The Clerk entered default on October 3, 2012.

7. Plaintiffs are Trustees and fiduciaries of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("the Funds").

8. The Funds are multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5).

9. The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

10. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

11. Polyphase Electric accepted and agreed to be bound to the terms of a series of collective bargaining agreements between the Highway, Railroad and Heavy Construction Contractors and the Laborers' District Council of Minnesota and North Dakota and its affiliated Unions covering the periods of May 1, 2005 through April 30,

2008 and May 1, 2008 through April 30, 2011. ("Collective Bargaining Agreements")

12. The Collective Bargaining Agreements require Polyphase Electric to submit contributions to the Funds in an amount per hour specified in the Collective Bargaining Agreements for each hour worked by its employees covered by the Collective Bargaining Agreements.

13. The Collective Bargaining Agreements require that Polyphase Electric set forth the amount due and owing for contributions on a remittance report form to be submitted to the Funds with its monthly payment.

14. The Collective Bargaining Agreements require that Polyphase Electric submit the remittance report and payment to the Funds by the fifteenth day of the following month for which the contributions are due. Any employer whose remittance reports and contributions are not postmarked on or before the fifteenth is considered delinquent.

15. The Collective Bargaining Agreements provide that the Funds' Trustees, or their authorized agent, have the right, at any reasonable time, to inspect a complete set of all relevant payroll and employment records, including, but not limited to federal forms W2s and W3s, Social Security, withholding, unemployment, and Workers' Compensation payment records, 1099s, and 941s, and any other records deemed necessary by the Funds.

16. The Funds' authorized agent requested that Polyphase Electric produce a complete set of its payroll and employment records for the period of January 1, 2008 through December 31, 2009 ("Audit Period").

17. Polyphase Electric voluntarily produced a complete set of its payroll and

3

employment records for the Audit Period and the Funds' authorized agent reviewed them to determine whether Polyphase Electric complied with its contribution obligations to the Funds as set forth in the Collective Bargaining Agreements.

18. In conducting the audit, the Funds' authorized agent determined that there were hours worked by Polyphase Electric's employees covered by the Collective Bargaining Agreements for which Polyphase Electric did not submit contributions to the Funds, and the Funds' authorized agent created an audit invoice setting forth the unpaid contributions. Specifically, the Funds' authorized agent determined that $15,354.53 is due and owing to the Funds for delinquent contributions for the Audit Period.

19. Polyphase Electric failed to remit the delinquent contributions found due and owing pursuant to the audit thereby breaching the terms of the Collective Bargaining Agreements.

20. The Collective Bargaining Agreements provide that if a payment for contributions is not submitted to the Funds on or before the fifteenth day of the month following the month for which the contributions are due, the employer is subject to a penalty in the amount of ten percent of the contributions as liquidated damages.

21. Liquidated damages in the amount of $1,535.45 are due and owing to the Funds for delinquent contributions for the Audit Period.

22. The Funds' Collection Policy further provides for the collection of interest at a rate equal to the actuarial assumed rate of return for the Minnesota Laborers Pension Fund plus .5 percent when an auditor determines a discrepancy of five percent or greater than the total contributions remitted by the employer in a 12 month period.

23. The current actuarial assumed rate of return for the Minnesota Laborers

Pension Fund is 7.75 percent. As such, the Funds are entitled to interest on the unpaid contributions at a rate of 8.25 percent annually.

24. Using the interest rate prescribed by the Funds' Collection Policy, interest in the amount of $4,792.32 is due and owing to the Funds for the Audit Period.

25. The Collective Bargaining Agreements further provide that a delinquent employer shall be required to pay all reasonable attorneys' fees and court costs incurred by the Funds.

26. The Funds incurred attorneys' fees and costs in pursuing this delinquency in the amount of $4,000.12. These attorneys' fees and costs were reasonable under the circumstances and limited to performing those services necessary for the prosecution of the Funds' claims.

## **CONCLUSIONS OF LAW**

1. Polyphase Electric is in default and the Funds are entitled to entry of judgment.

2. Polyphase Electric is liable to the Funds in the amount of $15,354.53 for delinquent fringe benefit contributions for the Audit Period.

3. Polyphase Electric is liable to the Funds for the greater of liquidated damages plus interest calculated at a rate prescribed by the Funds' Collection Policy, or double interest.

4. Double interest is greater than an award of liquidated damages together with interest calculated at the rate prescribed by the Funds' Collection Policy.

5. Polyphase Electric is liable to the Funds in the amount of $9,584.64 for double interest on the unpaid contributions for the Audit Period.

6. Polyphase Electric is liable to the Funds in the amount of $4,000.12 for attorneys' fees and costs.

## **ORDER**

**IT IS ORDERED:**

1. That Plaintiffs' Motion for Entry of a Default Money Judgment is granted.

2. That judgment in the amount of $28,939.29 is entered against Polyphase Electric Company and in favor of Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 12, 2012        BY THE COURT:

s/Ann D. Montgomery
_____
The Honorable Ann D. Montgomery
United States District Court Judge